IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ISAAC JAMES FLEMING,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 26-136-M-KSL<br><br>ORDER |

This matter comes before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by pro se petitioner Isaac James Fleming ("Fleming"). (Doc. 1.) In the present matter, Fleming challenges the legality and calculation of the state sentence he is presently serving. *See generally*, (*Id.*)

Fleming requests that counsel be appointed to represent him. (Doc. 6.) Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993), or when an evidentiary hearing is required, Rule 8(c), Rules Governing 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). Fleming's case is not so complex that his right to due process will be violated if counsel is not appointed.

While Fleming has stated his claims concisely and clearly, the claims are not cognizable in federal habeas. Accordingly, the Court declines to exercise its discretion to appoint counsel.

The Court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). A habeas petition or portion thereof must be dismissed if the prisoner raises claims that are legally "frivolous [or] malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. §1915A(b)(1), (2). This means the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

## I. Background/Fleming's Claims

Fleming is currently incarcerated at the Montana State Prison. He challenges the manner in which the State of Montana has calculated his sentence and asserts he is due additional credit for time served while he was incarcerated in Idaho.

The Montana Supreme Court recently denied Fleming habeas relief and explained the procedural history of the matter as follows:

> The District Court originally sentenced Fleming on May 4, 2016, for two convictions of assault with a weapon to a suspended, five-year commitment to the Department of Corrections (DOC), followed by a suspended, five-year DOC term. Fleming discharged his five-year probationary sentence on December 22, 2020. He failed to report to his Probation Officer in March 2021. In April 2021, Fleming was arrested in Idaho for several charges including theft and

possession of drugs. The State of Montana filed a petition to revoke suspended sentence, and the District Court issued a "Montana Only" arrest warrant on April 19, 2021. The court later issued a second warrant for Fleming for Montana and Idaho on May 3, 2021, upon the State's motion to quash the first warrant.

The State posits that the first warrant was returned to the District Court as unserved on May 6, 2021. The State adds that Fleming remained in custody in Idaho on the charges and was sentenced on May 19, 2021. Fleming completed a substance abuse program there on December 17, 2021, and he returned to Montana on his own.

Fleming appeared for the December 29, 2021 answer hearing on the State's petition to revoke. Fleming was not in custody, and the court quashed the second warrant. The District Court appointed counsel and set a date for the revocation hearing. The State notes that the quashed and unserved warrant was filed with the court on January 6, 2022. On January 19, 2022, the Lake County District Court committed Fleming to the DOC for a five-year term after revoking his suspended sentence. The court recommended NEXUS and awarded sixteen days of credit for time served.

Fleming maintains that he has a facially invalid sentence. He contends that he is due credit for time served while in the Idaho jail because of the May 3, 2021 arrest warrant from Lake County. Fleming does not provide the date on which he was served with the warrant. He states that he was arrested in Idaho on new charges on April 22, 2021. He requests credit from either the April 22, 2021, to the December 21, 2021 date when he was released or, from May 3, 2021, to December 21, 2021.

The State responds that Fleming is not serving a facially invalid sentence because he is not due any additional credit for time served. The State explains that Fleming was never formally detained by Montana as the District Court's warrants were both unserved and quashed. *See State v. DeMarie,* 2025 MT 115, ¶¶ 46-50, 422 Mont. 208, 569 P.3d 602 and *State v. Pillans,* 2025 MT 100, ¶ 22, 422 Mont. 1,568 P.3d 885 (a defendant must be served with an arrest warrant to be detained and thus, accrue credit for time served). The warrants never acted as a detainer, as the State adds, and "nothing in the record establishes any event that triggered the Twentieth Judicial District Court's jurisdiction or reach over Fleming." *Contra State v. Crazymule,* 2024 MT 58, ¶ 12, 415 Mont. 536, 545 P.3d 66 ("The event here triggering the District Court's

> jurisdiction and its reach over [Defendant] - Crazymule was issuance of the arrest warrant following the filing of the State's revocation petition with the court."). The State points out in a footnote that Fleming was in the Lake County Jail from January 4, 2022, until January 19, 2022.

*Fleming v. Salmonsen*, No. OP 26-0519, 2026 WL 2656489, at *1 (Mont. Sept. 8, 2026).

Ultimately, the Montana Supreme Court agreed with the State's conclusion that Fleming was not entitled to additional credit. He received credit due to him while he was detained in the Lake County Jail. Fleming was not entitled to additional credit for time served when he was in Idaho, however, because he was serving another sentence there and was never served with the district court's arrest warrant during the time period in question. The Court determined Fleming's sentence was valid and that he was not entitled to state habeas relief. *Id.*

In the present matter, Fleming claims that his right to due process has been violated as he has not received all credit due to him for time that he served. (Doc. 1 at 4.) He asks this Court to award him credit for the time that he served from April 22, 2021 to December 21, 2021 or, alternatively, from May 3, 2021, to December 21, 2021. (*Id.* at 6.) He asserts that he is entitled to this credit under state law and has a liberty interest in the corresponding time credits. (*Id.* at 6, 8-10.) In a supplement to his petition, Fleming states that a valid arrest warrant did not need to exist in order for him to obtain credit for the time he served in a detention center, pursuant to *State v. Tippets*, 2022 MT 81, 408 Mont. 249, 509 P.3d 1. *See*, (Doc. 5 at 1.)

## II. Analysis

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The Antiterrorism and Effective Death Penalty Act imposes a "highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (cleaned up). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

§2254(d)(1), (2). A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States Constitution or federal law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Additionally, matters relating to state sentencing are generally not cognizable under federal habeas review. *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). A mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a federal habeas corpus proceeding. *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (cleaned up).

Here, Fleming's claims concern the length of the state sentence imposed upon revocation, the date from which the sentence began to run, and the calculation of credit due to him for time served under state law; they do not, however, implicate a federal constitutional right. Fleming references a due process violation, but that is the only purported federal constitutional violation advanced. Moreover, Fleming has not shown how the recent decision of the Montana Supreme Court denying him

habeas relief violated clearly established federal law or resulted from an unreasonable determination of the facts. While Fleming might disagree with the ultimate calculation of his state sentence, aside from his own conjecture, he has not demonstrated that the sentence he is serving is unlawful or that additional time credit is due to him as a result of the state arrest warrants that were never served.

As set forth above, the Montana Supreme Court noted that Fleming's state sentence was valid. The Court found that he was not due credit for time served in Idaho, as the district court warrants were both unserved and quashed. So Fleming was never formally detained by Montana and, therefore, he could not accrue credit for any time served. *See*, *Fleming*, No. OP 26-0519, 2026 WL 2656489, at *1. A state court's interpretation of state law binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988).

To the extent that Fleming relies upon *State v. Tippets*, the case is inapposite to Fleming's situation. There the question was whether Tippets was entitled to credit, under Mont. Code Ann. §46-18-203(7)(b), for the 60 days he spent in the mental health unit at the START facility serving a probation sanction following a revocation of his Yellowstone County sentence. Ultimately, the Court found that START fit the definition of a "detention center" under the plain meaning of the relevant state statutes. START was maintained as an entity by the Montana Department

of Corrections to confine probationers. Further, individuals at the facility were not free to leave until they had served their sanction period, had to follow a strict security protocol, were required to be supervised by staff, were placed in restraints when not on START's premises, and were subject to evening lockdowns and confined to their cells for sleeping. *See, State v. Tippets*, 2022 MT 81, ¶19.

Conversely, whether or not Fleming was confined in an Idaho "detention center" was not an issue before the Court in his case. Rather, the question was if Fleming was to receive credit against his Montana sentence for time served pursuant to his arrest and conviction in Idaho. As set forth above, the Montana Supreme Court found state law did not entitle him to credit for the time he served in Idaho. Fleming has provided no federal authority to support his contention that he was to receive credit against his Montana sentence for time that was served and credited to his Idaho conviction.

Fleming, at most, has alleged a violation of state sentencing law which is not remediable on federal habeas review. In limited circumstances, a sentencing error may provide a basis for federal habeas relief if it is "so arbitrary or capricious as to constitute an independent due process" violation. *Lewis*, 497 U.S. at 780; *see also, Christian*, 41 F.3d at 469 ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Fleming has not made such a showing. Moreover, Fleming cannot convert

this state law issue into one of federal import, merely by invoking the specter of a due process violation. *See, Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997). Fleming's claims are not cognizable and will be denied.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing §2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Fleming has failed to make a substantial showing of the denial of a federal constitutional right. The claims he advances are not cognizable under §2254. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Fleming's Petition (Doc. 1) is **DENIED**.
2. Fleming's Motion to Appoint Counsel (Doc. 6) is **DENIED**.

3. The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.
4. A certificate of appealability is **DENIED**.

DATED this 21st day of September, 2026.

Kathleen Lane

KATHLEEN S. LANE
United States District Court Judge